IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Rebecca H. Stratford *and* Francis J. Grant, | Civil Action No. 2:17-3220-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Altisource Solutions, Inc., Wells Fargo Bank, National Association, *et al.*, | |
| Defendants. | |

This matter is before the Court on Defendant Wells Fargo's motion to dismiss Plaintiff's trespass cause of action. For the reasons set forth below, the Court denies the motion.

## I. Background

Plaintiffs allege they became unable to make required payments on a loan secured by their residence, located at 500 Congressional Boulevard, Summerville, South Carolina (the "Property"), and Wells Fargo initiated foreclosure proceedings. (Dkt. No. 32 ¶¶ 4–6.) After foreclosure hearings, the Master in Equity for Dorchester County entered a judgment of foreclosure and sale, and the Property was later sold at public auction. (*Id.* ¶ 7–9.) A foreclosure deed conveying the Property to Wells Fargo was signed on November 17, 2014 and recorded on December 2, 2014. (*Id.* ¶ 10.) The Master in Equity's judgment also ordered the Dorchester County Sheriff "to eject and remove from the premises the occupants of the property sold, together with all personal property located thereon, and put the successful bidder to whom the deed of conveyance has been issued or his assigns in full, quiet and peaceable possession of said premises." (Dkt. No. 33-1 ¶ 10.) After the foreclosure sale, Plaintiffs continued to reside at the Property. (Dkt. No. 32 ¶ 11.) The Sheriff's office posted a notice on the Property requiring Plaintiffs to vacate the property by January 28, 2015 at 9 a.m. (Dkt. No. 41-1.)

Plaintiffs allege that, despite the Sheriff's pending ejectment proceeding, Defendants forced entry into the Property on January 21, 2015 and removed and destroyed all of Plaintiffs' personal property from the residence. (Dkt. No. 32 ¶ 14, 16.) Plaintiffs filed the present action on October 2, 2017, asserting causes of action for trespass, conversion, outrage, and unfair trade practices. Defendant Wells Fargo removed to this Court on November 29, 2017 has moved to dismiss the cause of action for trespass. (Dkt. Nos. 1, 33.)

## II. <u>Legal Standard</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the

pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Under South Carolina law, "[a] trespass is any interference with one's right to the exclusive, peaceable possession of his property." *Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 473 (S.C. 2013). "An action for 'trespass quare clausum fregit' may be based upon possession only and not necessarily upon legal title." *Gunter's Island Hunting Club of Horry Cty., S.C. by Shelley v. Hucks*, 317 S.E.2d 470, 472 (S.C. Ct. App. 1984). Wells Fargo argues Plaintiffs had no right to possession of the Property after November 17, 2014 because Wells Fargo became sole owner on that date. Thus, according to Wells Fargo, Plaintiffs cannot state a claim for trespass to the Property for an entry occurring after that date.

It is true that a right to possession, not mere possession, is a required to state a trespass claim. Plaintiffs, however, were not squatters. They had taken possession of the Property legally and established their residence there legally. They had a right to possess their established residence until surrendering it, or, failing that, until ejected by public authority acting under color of law. A writ of assistance is the means by which the residents of a foreclosed property are ejected and the purchaser placed in possession:

> "A writ of assistance is undoubtedly an appropriate process to issue from a court of equity to place a purchaser of mortgaged premises under its decree in possession after he has received the commissioner's or master's deed, as against parties who are bound by the decree, and who refuse to surrender possession pursuant to its direction or other order of the court."

*Ex parte Jenkins*, 48 S.C. 325, 26 S.E. 686, 689 (1897) (emphasis removed) (quoting *Terrell v. Allison*, 88 U.S. 289, 291, 22 L. Ed. 634 (1874)). In this case, a writ of assistance had issued as part of the Master in Equity's judgment and the Sheriff was in the process of enforcing the writ.

-3-

Purchase of the Property at a foreclosure sale did not vest Wells Fargo with the right to preempt the Sheriff's enforcement of the foreclosure order with a self-help ejection by hired hands. Breaking into someone's home and removing her belongings is an unlawful act and a breach of the peace. The legitimate use of force is the monopoly of the state. Justice allows that in certain exigent circumstances, like self-defense, persons may legitimately use force on their own initiative. Beyond those narrow exceptions, a civilized society's social contract requires law-abiding persons to rely upon public authority for the enforcement of their rights.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Wells Fargo's motion to dismiss (Dkt. No. 33).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 6, 2018
Charleston, South Carolina